In re George Glenn JONES, Debtor.

Bankruptcy No. 78–31885.

United States Bankruptcy Court,
M.D. Tennessee.

Dec. 23, 1983.

Robert H. Waldschmidt, Cosner & Waldschmidt, Nashville, Tenn., trustee.

Hugh C. Howser, Jr., Nashville, Tenn., for debtor.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the motion of the debtor George Glenn Jones to compel the trustee to comply with the terms and conditions of the order entered by the United States District Court for the Middle District of Tennessee on September 2, 1981. Upon consideration of the evidence presented at the hearing, stipulations, argument of counsel and the entire record, this court concludes that the debtor's motion should be GRANTED.

The following shall represent findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.[1]

1. Since this bankruptcy petition was filed under the former Bankruptcy Act, all procedural questions are governed by the former Rules of Bankruptcy Procedure instead of the new Bankruptcy Rules which apply in all cases initiated under the Bankruptcy Reform Act. *See*

The debtor filed a voluntary Chapter IV liquidation petition in this court on December 13, 1978, which petition is now entering its fifth year of administration. Sometime after the filing of the petition, the trustee initiated a complaint objecting to the debtor's discharge pursuant to § 14c(2) and (7) [former 11 U.S.C. § 32(c)(2) & (7) (1976)] of the Bankruptcy Act of 1898, which provides that:

> [t]he court shall grant the discharge unless satisfied that the bankrupt has ... (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; or ... (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities; ...

In an extensive and detailed opinion, Bankruptcy Judge Russell H. Hippe, Jr. denied the debtor's discharge on the grounds that the debtor inexcusably failed to produce records from which his business transactions and financial condition might be ascertained and failed to explain satisfactorily the losses of his substantial assets. *Waldschmidt v. Jones,* 23 COLLIER BANKR. CAS. (MB) 159, 170 (Bankr.M.D. Tenn.1980). This holding was reversed by District Judge Thomas Wiseman, Jr. *Waldschmidt v. Jones,* No. 81–3262 (M.D. Tenn. Sept. 2, 1981). Judge Wiseman's decision to grant the debtor a discharge was, however, conditioned upon the debtor's completion of a plan of arrangement previously proposed by the trustee and agreed to by the debtor. Judge Wiseman specifically held that "upon successful completion of said plan of arrangement that George Glenn Jones be granted a discharge and relieved of all claims, creditors, and obligations, not otherwise provided for in said plan of arrangement." *Waldschmidt v. Jones,* No. 81–3262, slip op. at 1. The terms § 403(a), 92 Stat. 2683; FED.R.BANKR.P. of the "plan of arrangement" which Judge Wiseman adopted are as follows:

## PLAN OF ARRANGEMENT

### CLASSES OF CREDITORS

1. All administrative expenses, including the referee's salary and expense fund, attorney's fees, and trustee's fees.
2. Wage claims.
3. Tax claims.
4. Secured creditors.
5. Unsecured creditors whose claims are based on actual loss.
6. Unsecured creditors whose claims are based on lost potential profits or missed show dates by George Glenn Jones.

## PAYMENT OF FUNDS TO TRUSTEE

The bankrupt, by and through his agent, manager, or attorneys, will pay or cause to be paid to the trustee $5,000.00 per month to be held by the trustee in escrow for distribution to creditors.

Payment will be made by the trustee at least once each quarter, hereinafter set forth to creditors.

## DISBURSEMENTS BY TRUSTEE

From the funds received by the trustee, distributions will be made according to the following priority:

1. All administrative expenses, including referee's salary and expense fund, trustee's fees, attorney's fees, will be paid as they become due and payable. Attorneys' fees will be paid upon application to the Court and approval by the Court, and the trustee's fees will be set forth by the Court upon application by the trustee. The referee's salary and expense fund will be paid quarterly from the funds received by the trustee.

3. [Sic] From the funds exceeding the priority class, distributions will be made in the following priority:

1. Wage claims.

1001.

2. Tax claims.

3. Unsecured claims based on actual loss.

4. Unsecured claims based on lost potential profits or missed show dates by George Glenn Jones.

All disbursements will be made per capita within each class, and no payment will be made to the lessor priority classes until each superior class is paid completely in accordance with the plan.

## MISCELLANEOUS PROVISIONS

The Bankruptcy Court will continue to have jurisdiction over this proceeding upon remand and this plan of arrangement, and the trustee will be responsible for submitting quarterly reports to the Court in order to assure that the plan of arrangement is being successfully adhered to by the bankrupt. All applications for fees shall be made to the Court within one month subsequent to the entry of this Order permitting this plan of arrangement.

The trustee and the bankrupt will be given sixty days from the entry of this Order permitting this plan to file objections to any and all claims which have been filed with the Court, and only the properly allowable claims will be paid through this plan.

Nothing contained within this plan shall prevent the bankrupt from prepaying all or a portion of the creditors entitled to payment herein, nor shall anything contained in this plan prevent the bankrupt from compromising and settling any claims in a manner separate and apart from this plan of arrangement, so long as said creditor executes an agreement of withdrawal of claim.

In sum, Judge Wiseman instituted a plan of repayment, similar in several respects to plans of reorganization proposed under either Chapters 11 or 13 of the Bankruptcy Code, in lieu of the debtor's liquidation petition. He then remanded the case to this court for administration and further adjudication as necessary. This court is, therefore, bound to insure that all parties comply with the provisions set forth in this plan.

The plan of arrangement, which has been in effect for more than two years now, has apparently proceeded without complication up until this time. According to the trustee, the debtor has paid $125,000 to the trustee pursuant to the plan. The record indicates that nearly all this sum has been distributed as provided for by the plan. The trustee has also received during the course of his administration money from other sources totaling over $31,000. The trustee has disbursed $2,506.35 of this fund and is currently holding the remaining amount, which is approximately $28,500. The trustee testified that he could not project the date of the completion of the debtor's plan since two or three claims have not as yet been liquidated.

The issues presented by the debtor's motion and the trustee's response to this motion are twofold. The initial question is whether the funds obtained from sources other than the debtor's payments into the plan should be distributed under the plan. A second question, indirectly raised in the debtor's motion and set forth in the trustee's response, is when claims should be paid under the plan. In particular, the trustee is concerned about when to pay administrative expenses, which he states cannot be accurately determined until the final meeting of creditors, and whether the plan of arrangement would permit this court to extend the time to file claims against any surplus funds contained in the estate pursuant to Federal Rule of Bankruptcy Procedure 302(e)(5).

██ In resolving these issues, the court is guided by the terms of the plan of arrangement itself, its perception of the purpose and goals of the plan and the provisions of the former Bankruptcy Act. Contrary to the allegations of the trustee, the court is convinced that the plan of arrangement was intended by Judge Wiseman to encompass the administration of the entire bankruptcy estate and, therefore, any funds received by the trustee, whether from the debtor or from other sources, should be

distributed pursuant to the plan. The most convincing evidence of this intent are the provisions which provide that all administrative expenses incurred in the bankruptcy case and all allowed claims shall be paid under the plan. If all claims and expenses are paid under the plan, then any funds received by the trustee from sources other than the debtor's payments would have to be turned over to the debtor upon completion of the plan. There is thus no reason why monies so received should not be used to fund the plan.

■ The trustee's apprehension that insufficient funds will remain to pay administrative expenses is misplaced. The trustee need not disburse any money to creditors until he is certain that he has sufficient funds to pay all administrative expenses. The plan expressly provides that administrative expenses have first priority and no payment is to be made to lessor priority classes until these administrative expenses are completely paid. *Waldschmidt v. Jones,* No. 81–3262, slip op. at 3. Furthermore, the debtor has a strong incentive to contribute sufficient money to pay all administrative expenses in full because, if he does not, his discharge will be denied. The debtor has already paid $150,000 into the plan, and it is thus doubtful he will now default when the plan is so close to completion.

■ The remaining question concerning the possible allowance of presently unfiled claims is more difficult to resolve. Federal Rule of Bankruptcy Procedure 302(e)(5) provides that, if all allowed claims have been paid in full, this court may grant a reasonable, fixed extension of time for the filing of claims not filed against any remaining surplus in the estate. The problem in this case is that the funds available to the estate are undefinable. Pursuant to the plan, the debtor is required to pay the trustee $5,000 per month to be held in escrow for distribution to all creditors. The plan does not provide any date when such payments to the trustee shall end nor does it set a deadline for the filing of proofs of claims. Presumably, the deadline for the filing of claims is the one set under Federal

Rule of Bankruptcy Procedure 302(e), which provides that all claims must be filed within six months after the first date set for the first meeting of creditors.

For a variety of reasons, this court concludes that creditors who have not yet filed claims in this bankruptcy case should be allowed an additional thirty-day period from the date of this order to file their proofs of claim. First and foremost, this court is convinced that Judge Wiseman intended the debtor to attempt to pay his creditors' claims in full in order to receive the benefit of the discharge in bankruptcy. Secondly, at the time Judge Wiseman instituted this plan of arrangement in this liquidation case, the date for filing proofs of claim had long since past. The debtor's first meeting of creditors was held on January 23, 1979, and the date for filing proofs of claim expired six months later. Creditors who, therefore, thought that there might be little or no dividend in this liquidation case and failed to file proofs of claim for that reason were never given the opportunity to file after Judge Wiseman instituted this plan of arrangement. Finally, since the plan does not specify a date when the debtor should cease payments to the trustee, this court can only assume that a surplus will always exist in the estate which would allow the court to extend the time for creditors who have not filed to file claims against the estate.

Therefore, pursuant to Rule 302(e)(5) and because of the uniqueness of this particular case, the court will enter an order allowing creditors who have not yet filed claims an additional thirty days from the date of this order to file a claim against the bankruptcy estate. Once this time period has expired, no further unfiled claims against this estate will be allowed. The court will further order that the debtor continue to pay the trustee $5,000 per month to be held by the trustee in escrow for distribution pursuant to the plan of arrangement. The trustee shall consider all funds he has obtained from whatever source subject to distribution under the plan and, as provided for by the plan, shall not be required to disburse

any of these funds until he determines the exact amount of the administrative expenses incurred in this case. Once the additional period for filing of claims has expired and the trustee has determined the amount due on all filed claims, the trustee shall make a motion to this court to set the final meeting of creditors for this case.

IT IS, THEREFORE, SO ORDERED.